Eastern District of Kentucky
FILED
NOV 15 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 05-683-GWU

PAULETTE HOSKINS,          PLAINTIFF,

VS.        **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,          DEFENDANT.

\* \* \* \* \* \* \* \*

The plaintiff appeals an administrative decision to terminate her Social Security Income (SSI) benefits originally awarded in 1993. The case is currently before the Court on cross-motions for summary judgment.

## STANDARDS APPLICABLE TO TERMINATION DECISIONS

Once an individual is awarded benefits, his or her continued eligibility for such benefits is subject to the following review:

1. Is the beneficiary engaging in substantial gainful activity? If so, then the disability will be found to have ended. See 20 C.F.R. Section 404.1594(f)(1), 416.994(f).

2. Provided the beneficiary is not engaged in substantial gainful activity, does the beneficiary have an impairment or combination of impairments which meet or equal the severity of impairments in the Listing? If so, then the disability must be found to continue. See 20 C.F.R. Section 404.1594(f)(2), 416.994(f).

1

3. If a Listing is not met, has there been medical improvement in the plaintiff's original conditions? That is, any decrease in the medical severity of the impairments present at the time of the most favorable medical decision that you were disabled or continued to be disabled. 20 C.F.R. 404.1594(b)(1)), 416.994(b).

4. Provided medical improvement has occurred, then the question is whether this has produced an increase in the residual functional capacity. If the improvement is not related to the ability to perform work activities, then one proceeds to step 5. If the improvement is related to work ability, then one proceeds to step 6. See 20 C.F.R. Section 404.1594(c), 416.994(c).

5. Provided there has been no medical improvement or the improvement is not related to work ability, then one must decide whether an exception to the medical improvement standard will apply. If not, then a finding of continuing disability should be made. See 20 C.F.R. Section 404.1594(d) and (e), 416.994(d) and (e).

6. If the medical improvement is found to be related to work ability or if an exception to the medical improvement standard applies, then one considers whether the current impairments in combination are "severe." If so, then one proceeds to step 7; if not, the beneficiary is no longer considered disabled. See 20 C.F.R. Section 404.1594(f)(6), 416.994(f).

7. If the impairments are found to be severe, then one must assess the beneficiary's ability to engage in substantial gainful activity in accordance with 20 C.F.R. Section 404.1561. If found capable of performing past relevant work, then the disability will be found to have ended. Otherwise, one proceeds to step 8. See 20 C.F.R. Section 404.1594(f) (7), 416.994(f).

8. Provided the beneficiary cannot perform past relevant work, then one must assess the residual functional capacity and considering the age, education, and past work experience, determine whether other work can be performed. If so, then

the beneficiary is no longer disabled. Otherwise, a finding of continuing disability should be made. See 20 C.F.R. Section 404.1594(f)(8), 416.994(f).

The standard for judicial review is whether there is substantial evidence to support the Secretary's decision that the plaintiff's condition has improved to the extent that he can perform substantial gainful activity. Casiano, Jr. v. Heckler, 746 F. 2d 1144 (6th Cir. 1984). The Court must determine from the record upon what conditions the claimant was awarded benefits, and whether there has been any improvement in these conditions. Id. at 1148.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Hoskins, a 33 year-old woman with a "limited" education and no past relevant work history, currently suffered from impairments related to a history of treatment for complaints of lower back pain, a history of treatment for knee pain (being status post benign tumor removal), an anxiety disorder, and probable borderline intellectual functioning. (Tr. 19-20). The ALJ determined that medical improvement in the plaintiff's impairments had occurred since she was found disabled and that this improvement was related to her ability to work. (Tr. 28). Since the claimant was found to be currently able to perform a significant number of jobs, she could no longer be considered totally disabled. (Tr. 28). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 27).

After review of the evidence presented, the undersigned concludes that the

3

Hoskins

administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the defendant.

At the time of the last favorable administrative determination in 1993, Hoskins was found eligible for benefits. (Tr. 191-192). The Disability Determination Form listed an anxiety disorder as the primary diagnosis and a somatoform disorder as the secondary diagnosis. (Tr. 175). After apparently reviewing certain psychological records (Tr. 176), a medical reviewer had found that the plaintiff's ability to function was reported to be "moderately" limited in such areas as (1) handling detailed instructions; (2) maintaining attention and concentration; (3) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; (4) sustaining an ordinary routine without special supervision; (5) making simple work-related decisions; (6) interacting appropriately with the general public; (7) accepting instructions and responding appropriately to criticism from supervisors; (8) getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; (9) responding to changes in the work place; traveling in unfamiliar places or using public transportation; and (10) setting realistic goals or making plans independently of others. (Tr. 177-178). The claimant's ability was noted to be "markedly" limited in completing a normal workday or workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an

4

unreasonable number and length of rest periods. (Tr. 178). These were numerous and rather severe mental restrictions.

In contrast, Dr. Kevin Eggerman examined Hoskins in August of 2001 and diagnosed social anxiety disorder, a history of a depressive disorder (now in remission) and borderline intelligence. (Tr. 322). The plaintiff's Global Assessment of Functioning (GAF) was rated at 65. (Tr. 322). Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual for Mental Disorders (4th Ed-Revised, 1994). The examiner indicated the claimant would have a "fair" ability to perform in such areas as understanding and remembering complex and moderately complex instructions, relating to co-workers and supervisors, persisting on tasks, and tolerating work stresses. (Tr. 323). These are far less severe mental limitations than those found in 1993. Psychologists Jane Brake (Tr. 404-405) and Lea Perritt (Tr. 408-409) each reviewed the record during the current time period and identified only "moderate" limitations in such areas as working in coordination or proximity to others without being distracted by them and interacting appropriately with the general public. These opinions also support the administrative decision that medical improvement occurred. Therefore, the ALJ properly determined that Hoskins experienced medical improvement relating to her ability to work.

In determining that a significant number of jobs could be performed by Hoskins in the current time period, the ALJ relied heavily upon the opinion of

5

Vocational Expert Katherine Bradford. The hypothetical question initially presented to Bradford included an exertional limitation to light level work along with such non-exertional limitations as (1) an inability to stand or walk for more than six hours in an eight-hour day or sit for more than six hours in an eight-hour day; (2) a limitation to simple to moderately complex instructions and tasks in object-focused environments; (3) an inability to engage in complex collaborations with co-workers and supervisors; and (4) a need to avoid exposure to the public. (Tr. 593-594). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 594). The ALJ then added a sit/stand option in intervals of 30 minutes. (Tr. 594). Bradford testified that such a further limitation would reduce the job numbers but indicated that a significant number would remain. (Tr. 594-595). Therefore, assuming that the vocational factors considered by Bradford fairly depicted the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the mental factors of the hypothetical question, the undersigned finds no error. Hoskins asserts that the question did not include all of the restrictions identified by Dr. Eggerman and the medical reviewers. However, the mental factors of the hypothetical question were essentially compatible with somewhat differently worded restrictions indicated by Dr. Eggerman and the medical reviewers. As previously noted, Dr. Eggerman's GAF rating of 65 suggests that only modest mental limitations were indicated. Therefore, the Court

6

must reject the claimant's argument.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. No treating or examining source, including Dr. Robert Hoskins (Tr. 257-259), the staff at the Manchester Family Practice Clinic (Tr. 260-317, 462-521), the staff at Memorial Hospital (Tr. 324, 522-523), Dr. Bobby Kidd (Tr. 397-401), the staff at the Lexington Diagnostic Center (Tr. 524-525), the staff at Corbin Neurology (Tr. 526-529), and the staff at the Clay County Medical Center (Tr. 533-567) reported the existence of more severe physical restrictions than those presented in the hypothetical question. Neither Dr. Timothy Gregg (Tr. 402) nor Dr. Kenneth Phillips (Tr. 403), the non-examining medical reviewers, thought that the claimant even suffered from a "severe" physical impairment. Therefore, substantial evidence supports this portion of the administrative decision.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___15___ day of November, 2006.

G. WIX UNTHANK
SENIOR JUDGE